UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM A. CHAMPION, | ) |
| | ) |
| | ) Index No.: 18 cv 4955 |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| NEW YORK STATE OFFICE OF PARKS, | ) |
| RECREATION AND HISTORIC | ) |
| PRESERVATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiff, KIM A. CHAMPION, by her attorneys J. Graves Associates, complaining of

Defendant, NEW YORK STATE OFFICE OF PARKS, RECREATION AND HISTORIC

PRESERVATION, allege:

## NATURE OF THE ACTION

1. This action is brought to remedy discrimination on the basis of age, race, sex and retaliation
   in the terms conditions and privileges of employment in violation of Title VII of the Civil
   Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age
   Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
   ("ADEA").

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4)
   since redress is sought for the violation of Plaintiff's civil rights.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII. This action is founded on charges filed with the United States Equal Employment Opportunity Commission ("EEOC") by Plaintiff on or about October 27, 2017 (charge no. 520-2017-02543).

4. This lawsuit is commenced within ninety (90) days of Plaintiffs' receipt of a notice from the U.S. Equal Employment Opportunities Commission ("EEOC") that she has a right to sue, mailed March 6, 2018.

**VENUE**

5. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2). The employment action was committed in the County of New York, Borough of Manhattan.

**PARTIES**

6. Plaintiff **KIM A. CHAMPION** ("Plaintiff") is the Plaintiff.  She is an African American female and a citizen of the United States. The date Plaintiff filed her EEOC charge, she was 48 years old and worked in the Borough of the Manhattan, New York during the relevant period of this complaint.

7. Plaintiff resides in the County of New York, Borough of Manhattan.

8. Plaintiff is employed at Riverbank State Park, 679 Riverside Drive, New York, NY 10031, County of New York, Borough of Manhattan.

9. Defendant **NEW YORK STATE OFFICE OF PARKS, RECREATION AND HISTORIC PRESERVATION ("PARKS" and "Defendant")** is an agency of the State of New York, and is an employer, or an agent of an employer, within the meaning of 42 U.S.C. § 2000e (b).

2

10. The New York State Park system consists of more than 250 individual parks, historic sites, recreational trails, and boat launches, encompassing nearly 350,000 acres.

11. Parks is a state agency within the New York State Executive Department charged with the operation of state parks and historic sites within the U.S. state of New York.

12. The Commissioner, Rose Harvey, is responsible for the overall operation of this agency.

13. Parks is divided into eleven regions.

14. Each region has its own headquarters and management team composed of a Regional Director, Deputy Regional Director, Deputy General Manager.  Reporting to this Regional team are the Park Directors and Deputy Park Directors.

15. The discriminatory acts comprising this complaint took place in the New York City region headquartered at 63 West 125th St, 17th Floor, New York, NY 10027.

16. The athletic department, Riverbank State Park, where Plaintiff is assigned, is in the New York City Region and offers sports and recreational programs and events.

### PARKS Workforce

17. PARKS has approximately 1,737 permanents; 4,500+ seasonal employees (2014).

### STATEMENT OF THE CLAIM

18. On or about July 1, 1993, Plaintiff commenced her employment with the PARKS as a grade 10 Recreational Specialist at Riverbank State Park located at 679 Riverside Drive, New York New York 10031.

19. As a Recreational Specialist for more than 24 years, Plaintiff has been responsible for, *inter alia*, supervising sports programs and recreational activities; supervising line, contractual and year - round volunteer staffs; and managing the morning shifts as well as teaching tennis.  Plaintiff manages the permit process and oversees all special events.

20. In addition to her extensive supervisory qualifications, Plaintiff has a bachelor's degree in physical education, and 19 plus years directing youth and recreational sports programs through non-profit and other not-for-profit organizations and agencies.

21. Plaintiff has demonstrated superior communication skills and writing and problem-solving skills.

22. Upon information and belief, there are far lower percentages of female employees in higher paid positions at Riverbank State Park while there are far higher percentages of males in higher paid positions.

23. Upon information and belief, African-American women are under-represented in managerial and higher paying positions at the Riverbank State Park location.

24. Upon information and belief, even though qualified, applicants for promotions who are over the age of 40 have a lower chance of being promoted or selected for interviews at the Riverbank State Park location.

25. Upon information and belief, even though qualified, there are far lower percentages of employees over the age of 40 selected for interviews at PARKS while there are far higher percentages of employees under the age of 40 selected for interviews (as related to specific job announcements).

26. During Plaintiff's employment, PARKS has not promoted a single female employee at Riverbank State Park's athletic, skating, maintenance, or aquatic departments.

27. Upon information and belief, on each occasion that there is a supervisory or managerial position opening at Riverbank, a male employee has been selected.

4

28. **As an example of systemic ongoing and continuous discrimination at Riverbank State Park, but not the sole example of discriminatory treatment, on or about 2012, Plaintiff was denied a promotion to a Grade 12 assistant supervisory position because of her sex.**

29. Ramon Perez, a male in the substantially lower title of "seasonal park steward" with less experience and less seniority than Plaintiff was selected for the position.

30. In this specific job action, upon information and belief, Perez was selected for the position without having to apply.

31. Plaintiff's qualifications were substantially more superior than Perez' qualifications.

32. Perez had questionable academic credentials from the Dominican Republic and poor writing and verbal communication skills because English is his second language.

33. **As an example of systemic ongoing and continuous discrimination at Riverbank State Park, but not the sole example of discriminatory treatment, on or about October 2014, Plaintiff timely applied for a Grade 18 Recreation Complex Manager 1 position.**

34. Upon information and belief, and to be verified during discovery, on or about January 2015 Plaintiff was selected for an interview before a panel of five men and, notably, no women.

35. Immediately after the interview, Maurice Hicks told Plaintiff that her interview went "great."

36. Maurice Hicks ("Hicks"), Director, Riverbank State Park, informed Plaintiff that Travis Berry, male, was promoted to the Recreation Complex Manager 1 position.

37. Plaintiff's qualifications were substantially superior to Berry's qualifications, in fact, Berry, after receiving the promotion, regularly sought assistance from Plaintiff to fulfill the responsibilities of the Recreation Complex Manager 1 position.

5

38. **As an example of systemic ongoing and continuous discrimination by Riverbank State Park management, but not the sole example of discriminatory treatment, on or around November 10, 2016, a Grade 21 Recreation Complex Manager 2 position was posted.**

39. Plaintiff timely applied for this Grade 21 Recreation Complex Manager 2 position posted for Roberto Clemente Park.

40. John Doherty, the recently promoted outgoing Grade 21 Recreation Complex Manager 2, wrote a recommendation for Plaintiff exclaiming that she "would be great for the position because she would hit the ground running."

41. John Doherty was uniquely qualified to make this recommendation because he worked with the Plaintiff at Riverbank State Park for seventeen years.

42. Plaintiff was selected for the interview to the Grade 21 Recreation Complex Manager 2 position.

43. On or about December 2016, Plaintiff interviewed for the Grade 21 Recreation Complex Manager 2 position.

44. Scott Matson, ("Matson") Deputy General Manager, New York City Region, was one of the managers on the interview panel.  Matson, amongst others, is alleged herein to have discriminated against Plaintiff based on sex, race, and/or age and retaliated against Plaintiff for complaining of sex discrimination.

45. Notably, Matson participated in Plaintiff's prior interview.  Plaintiff complained of discrimination at this prior interview to Matson that women were never promoted at the Riverbank State Park location.

46. In addition to Matson, Frances Rodriguez "Rodriguez", Director, Roberto Clemente Park, was on the interview panel.

47. Rodriguez determined Plaintiff would be good for the position.

48.  During the time leading to this employment decision, Hicks informed Plaintiff that he was called in on his day off to expedite Plaintiff's paperwork to promote Plaintiff to the Grade 21 position.

49. On or about December 22, 2016, Matson sent Plaintiff an email to inform her that she did not get the Grade 21 promotion and stated a pretextual reason for the decision unrelated to Plaintiff's proven qualifications.

50. Plaintiff was informed that Ramon Perez was promoted to the Grade 21 position.

51.  Upon information and belief, Ramon Perez did not meet the qualifications of the position.

52. Amongst many other qualifications, the Grade 21 job announcement required the applicant to possess effective oral or written communications skills.

53. As an example of his lack of qualifications, Ramon Perez was required to take writing classes during his tenure in the Grade 21 position.

54. At the time he was selected for the Grade 21 position, Ramon Perez had prior allegations of sexual harassment against female employees.

55. As an example of differential treatment against promoting female employees and evidence of ethical fitness, Ramon Perez was removed from the Grade 21 position and placed as a Grade 12 after failing his probationary period.

56. Upon information and belief, Ramon Perez partly failed his probationary period for allegedly sexually harassing yet another female.

57. Plaintiff was substantially more qualified than Ramon Perez for the position.

58. Disappointed, on or about December 22, 2016, Plaintiff called Matson and renewed her complaint of discrimination against women concerning promotions.

59. **As an example of systemic ongoing and continuous discrimination by Riverbank State Park management, on or about February 1, 2017, Plaintiff timely applied to a Grade 18 position, Recreation Complex Manager 1.  The position was to be located at Riverbank State Park.**

60. Hicks, knowing Plaintiff was substantially qualified for the position, recommended Plaintiff for this position.

61. On or about March 22, 2017, Plaintiff was called in for an interview for the Grade 18 position before a panel of three men, specifically, Clifford Gomez, Ralph Menar, and Joe Lescinski.

62. On or about April 26, 2017, PARKS notified Plaintiff that she was denied the promotion.

63. Upon information and belief, Matson played a significant role in the decision to deny Plaintiff the promotion.

64. Richard Gomez, male, received the promotion even through Gomez had less seniority and less managerial experience than Plaintiff.

65. Plaintiff was substantially more qualified for the Grade 18 position than Gomez.

66. Upon information and belief, Defendant violated their own Personnel Rules and Regulations for the State of New York because certain employee selections were simply pre-determined rubber-stamped promotions based on sex/gender, race and/or age.

67. PARKS managers, such as Matson, applied personnel rules differentially to justify the selection of candidates he pre-selected for promotions.

68. Defendant violated their own Personnel Rules and Regulations for the State of New York by allowing disciplinary history to remain in Plaintiff's personnel file and other African-American's personnel files even after the disciplinary history was to be expunged.

69. Defendant violated their own Personnel Rules and Regulations for the State of New York by appointing provisional employees to positions when eligible lists were available.

70. Defendant's acts of discrimination and retaliation were performed with malice and reckless indifference to Plaintiff's protected civil rights.

71. As an example of these retaliatory acts, although not the only example, Plaintiff was denied promotions for her vocal opposition concerning the fact that women are not promoted to supervisory and management positions at Riverbank State Park. Further, these complaints were made to Matson and other males involved on her interview panels.

72. Upon information and belief, Plaintiff was not accepted to any of these positions even though she was substantially more qualified than the employees selected for these positions.

73. Upon information and belief, the employees promoted to these positions were less qualified employees who were under the age of 40 years old, not African-American and/or, were men.

74. Plaintiff was denied these promotions because of PARKS retaliatory and ongoing discriminatory conduct based on sex, race and/or age.

75. Upon information and belief, PARKS selecting officials are aware of an applicants' personnel actions prior to selecting employees to positions.

76. Upon information and belief, other PARKS managers were involved in this discriminatory and retaliatory conduct, identities to be determined.

9

77. All of PARKS employees were agents acting within the scope of their employment.

78. Defendant did not make a good faith effort to comply with Title VII and the ADEA because they failed to adequately implement their own anti-discrimination policies.

79. Defendant did not make a good faith effort to comply with Title VII and ADEA because they engaged in the intentional discriminatory practices set forth in this complaint.

80. Defendant has discriminated against Plaintiff based on her sex, race and/or age with respect to the terms, wages, conditions, privileges, advantages and benefits of Plaintiff's employment.

81. Defendant has retaliated against Plaintiff because she complained of discrimination based on sex, adversely affecting the terms, wages, conditions, privileges, advantages and benefits of Plaintiff's employment.

82. Defendant has used their policies, practices and/or procedures in a differential manner based on sex, race and/or age having an adverse effect upon the Plaintiff.

83. Defendant has used their policies, practices and/or procedures to intentionally discriminate and to retaliate against the Plaintiff having an adverse effect upon the Plaintiff's employment.

84. Defendant failed to follow its own personnel policies and procedures to adversely affect Plaintiff's employment opportunities at PARKS.

85. As a proximate result of the unlawful discriminatory and retaliatory acts of Defendant, Plaintiff has suffered a loss of income (wages and salary), raises, promotions, grants, retirement benefits and other fringe benefits that she would have received absent Defendant's discrimination and retaliation.

86. As a proximate result of the unlawful discriminatory and retaliatory acts of Defendant, Plaintiff was caused see seek the help of a psychologist because she suffered emotional pain, suffering, mental anguish, mental injury and other non-pecuniary losses.

87. As a proximate result of the unlawful discriminatory and retaliatory acts of Defendant, Plaintiff suffered harm to her character and reputation, professional standing, and future employment income and employment opportunities.

## FIRST CAUSE OF ACTION

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**
**SEX DISCRIMINATION**
**Failure to Promote**

88. Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

89. By the above acts, Defendant discriminated against the Plaintiff because of or on the basis sex by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

90. Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated male applicants.

91. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

92. As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

93. By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

94. By reason of the discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under Title VII.

95. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SECOND CAUSE OF ACTION

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**
**RACE DISCRIMINATION**
**Failure to Promote**

96. Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

97. By the above acts, Defendant discriminated against the Plaintiff because of or on the basis race by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

98. Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated non-African-American applicants.

99. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

100. As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

101.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

102.    By reason of the discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under Title VII.

103.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**
**SEX DISCRIMINATION**
**Failure to Promote**

104.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

105.    By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of sex by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 2, Grade 21,** thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

106.    Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated male applicants.

107.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

108.    As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

109.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

110.    By reason of the discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under Title VII.

111.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION**

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**
**RACE DISCRIMINATION**
**Failure to Promote**

112.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

113.    By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of race by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 2, Grade 21**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

114.    Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly non-African-American applicants.

115.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

116.    As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

14

117.   By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

118.   By reason of the discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under Title VII.

119.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**
**SEX DISCRIMINATION**
**Failure to Promote**

120.   Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

121.    By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of sex by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

122.   Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated male applicants.

123.   Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

124.   As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

125.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

126.    By reason of the discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under Title VII.

127.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SIXTH CAUSE OF ACTION

**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.**
**RACE DISCRIMINATION**
**Failure to Promote**

128.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

129.     By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of race by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

130.    Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated non-African-American applicants.

131.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

132.    As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

133.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

134.    By reason of the discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under Title VII.

135.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SEVENTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**
**AGE DISCRIMINATION**
**Failure to Promote**

136.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

137.    By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

138.    Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated applicants under the age of 40.

139.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

140.    As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

17

141.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

142.    By reason of the age discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under the Act.

143.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**EIGHT CAUSE OF ACTION**

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**
**AGE DISCRIMINATION**
**Failure to Promote**

144.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

145.    By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 2, Grade 21**, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

146.    Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated applicants under the age of 40.

147.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

148.    As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

18

149.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

150.    By reason of the age discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under the Act.

151.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### NINTH CAUSE OF ACTION

**Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.**
**AGE DISCRIMINATION**
**Failure to Promote**

152.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

153.     By the above acts, Defendant discriminated against the Plaintiff because of or on the basis of age by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.

154.    Defendant discriminated against Plaintiff by treating her differently from and less favorably than similarly situated applicants under the age of 40.

155.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of the Plaintiff.

156.    As a direct and proximate result of Defendant's aforementioned conduct, the Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

157.    By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout Plaintiff's employment, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

158.    By reason of the age discrimination suffered at PARKS, Plaintiff is entitled to legal and equitable remedies available under the Act.

159.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## TENTH CAUSE OF ACTION

### RETALIATION
### Failure to Promote

160.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

161.     By the above acts, Defendant retaliated against the Plaintiff by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

162.    Defendant retaliated against Plaintiff for complaining of discrimination.

## ELEVENTH CAUSE OF ACTION

## VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RETALIATION
### Failure to Promote

163.    Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

164.     By the above acts, Defendant retaliated against the Plaintiff by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 2, Grade 21**, thereby violating

20

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

165.   Defendant retaliated against Plaintiff for complaining of discrimination.

## TWELFTH CAUSE OF ACTION
### VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e et seq.

### RETALIATION
### Failure to Promote

166.   Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered above and below in this complaint with the same force and effect as if fully set forth herein.

167.    By the above acts, Defendant retaliated against the Plaintiff by their decision to deny Plaintiff a promotion to the **Recreation Complex Manager 1, GS18 position**, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended.

168.   Defendant retaliated against Plaintiff for complaining of discrimination.


**WHEREFORE**, Plaintiff, **KIM A. CHAMPION**, requests that this Court:

1)   Accept jurisdiction over the parties;

2)   Empanel and charge a jury with respect to this action;

3)   Order Defendant to make Plaintiff, **KIM A. CHAMPION**, whole from the unlawful employment practices described above by providing compensation for back and front pay with pre and post-judgment interest, in amounts to be determined at trial;

4)   Order Defendant to provide to Plaintiff, **KIM A. CHAMPION**, compensatory damages with pre and post-judgment interest to compensate him for nonpecuniary losses, including pain, suffering and humiliation, in amounts to be determined at

trial for the injuries he has suffered from Defendant's unlawful conduct in their employment practices;

5) Enjoin Defendant from further unlawful practices;

6) Order Defendant to pay the reasonable attorneys fees and other costs incurred by Plaintiff as provided by Section 1988 of Title 42 and the Civil Rights Acts;

7) Award Plaintiff, **KIM A. CHAMPION**, any other relief deemed necessary, just and proper.

### DEMAND FOR JURY

Plaintiff demands a trial by jury of all issues triable of right to a jury.


Dated:  June 4, 2018

New York, New York

Respectfully submitted,

 /s/ GERALD GRAVES

——————————————— ——
Gerald Graves Esq. GG1392
4 South Orange Avenue, #117
South Orange, NJ 07079
New Jersey Office: 917 204-0094
New York Office: 212 361-9399
499 7th Avenue, 12 North Floor
New York, NY 10018